892

■ ALLERTON, BERMAN & DEAN, INC., Respondent, v. DON LOUIS OF SPAIN, INC., Appellant.— Order, Supreme Court, New York County, entered on February 28, 1972, granting plaintiff partial summary judgment in the sum of $6,000 and directing a hearing with respect to the remaining charges claimed, unanimously modified, on the law, to the extent of severing so much of plaintiff's causes of action as seeks recovery for monthly service fees, aggregating $6,000 and reversing that portion of said order which directs the aforesaid hearing; and otherwise affirmed. Appellant shall recover of respondent $50 costs and disbursements of this appeal. Except with respect to the monthly service fees, we find sufficient triable issues raised to warrant denial of summary relief as to the balance of plaintiff's claims. Plaintiff does not seriously dispute the fact that the expenditures claimed were not authorized in the manner provided for in the contract between the parties, and relies, instead, on an account stated and oral approval of such expenditures in accordance with trade custom. Defendant, however, has denied the receipt of any bills prior to its threatened cancellation of the contract some 2½ months after its inception; and the disputed question of defendant's asserted waiver of the contractual requirement that plaintiff first obtain written approval before incurring certain expenses is clearly one of fact. Finally, and assuming that plaintiff may recover on a *quantum meruit* basis, no time or effort would be spared in this case by granting summary judgment and directing a hearing. (See *Hastings* v. *Ellis & Co.*, 36 A D 2d 695; *Two Eleven Co.* v. *Harrison*, 37 A D 2d 818.) Concur — Markewich, J. P., Kupferman, Murphy and Tilzer, JJ.

■ In the Matter of LE TOURET, INC., Petitioner, v. STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.— Determination of respondent State Liquor Authority, dated February 4, 1972, unanimously annulled, on the law, without costs and without disbursements, the petition granted, and respondent is directed to issue a restaurant liquor license to petitioner forthwith. Upon the entire record before us we conclude that respondent's refusal to issue the requested license was an abuse of discretion. All of the relevant facts were disclosed and we find insufficient support for the finding that "the approval of this application would create a high degree of risk and hazard in the administration and enforcement of the Alcoholic Beverage Control Law". Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.